United States District Court
Southern District of Texas
**ENTERED**
July 19, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRYANT, *et al.*, <br>   *Plaintiffs*, <br><br> v. <br><br> INTERCONTINENTAL <br> TERMINALS COMPANY LLC, <br> *et al.*, <br>   *Defendants*. <br><br><br><br> *IN RE*: INTERCONTINENTAL <br> TERMINALS COMPANY, LLC <br> DEER PARK FIRE LITIGATION | § § § § § § § § § § § § § § § § § § § | No. 4:19-cv-01708 <br><br><br><br><br><br><br><br><br><br> No. 4:19-cv-01460 |

## **MEMORANDUM & ORDER**

  Plaintiffs filed a motion, seeking reconsideration of the Court's Memorandum & Order denying class certification. Pls.' Mot. for Reconsideration, ECF No. 64. Defendant Intercontinental Terminals Company, LLC ("ITC") filed a response in opposition, Defs.' Resp., ECF No. 68, and Plaintiffs filed a reply, Plfs.' Reply, ECF No. 67. Based on the briefing and record, the motion is denied.

  There is no federal rule covering a motion to reconsider. Instead, a motion to reconsider is treated as Rule 59(e) motion to alter or amend a judgment. *T. B. by & through Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020). "A Rule 59(e) motion 'must clearly establish either a manifest error of law or fact or must

1

present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Jackson v. Wells Fargo N.A.*, No. CV H-20-1172, 2020 WL 7344682, at *1 (S.D. Tex. Dec. 14, 2020) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003)).

Plaintiffs contend that the Court's Order "contains manifest errors of law" in that it analyzed their causes of action as a whole to determine whether the predominance requirements of Rule 23(b)(3) were satisfied. ECF No. 64. In support of their argument, Plaintiffs rely on a recent Tenth Circuit decision's observation that "the Fifth Circuit has since indicated its retreat from" "applying Rule 23(c)(4) to require that the entire cause of action, not just the contemplated issue class, meet the predominance requirement." *Black v. Occidental Petroleum Corp.*, 69 F.4th 1161, 1187 (10th Cir. 2023) (citing *In re Deepwater Horizon*, 739 F.3d 790, 816 (5th Cir. 2014)).

To the contrary, as the Court concluded in its Memorandum and Order, the Fifth Circuit "requires assessing all the issues in a case—including [causation and] damages—and deciding whether the common ones will be more central than the individual ones." Memo & Order, ECF No. 63 at 32 (citing *Crutchfield v. Sewerage and Water Board of New Orleans*, 829 F.3d 370, 378 (5th Cir. 2016)); *accord Prantil v. Arkema France S.A.*, No. 4:17-CV-02960, 2022 WL 1570022, at *33 (S.D. Tex. May 18, 2022) (same). Furthermore, out of circuit authority does not and cannot show a manifest error in law. *Nguyen v. Univ. of Texas Sch. of L.*, No. A-11-CA-

323-SS, 2012 WL 12877840, at *2 (W.D. Tex. Dec. 11, 2012), *aff'd*, 542 F. App'x 320 (5th Cir. 2013); *see also Halliburton Energy Servs., Inc. v. NL Indus.*, No. CIV.A. H-05-4160, 2008 WL 3165687, at *5 (S.D. Tex. Aug. 4, 2008) (finding no "manifest error of law" where party failed to show that court made an error "applying [] binding precedents"). This Court considered an extensive record and current Fifth Circuit precedent to find that Rule 23's requirements were not met. The Tenth Circuit's decision is not persuasive or binding.

Accordingly, the Court **DENIES** Plaintiffs' motion for reconsideration, ECF No. 64.

**IT IS SO ORDERED.**

Signed on July 18, 2023, at Houston, Texas.

_____

**Dena Hanovice Palermo**
**United States Magistrate Judge**